19-3518
*Rodriguez v. Nassau County*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty.

PRESENT:    JOHN M. WALKER, JR.,
            PIERRE N. LEVAL,
            JOSEPH F. BIANCO,
                        *Circuit Judges.*

─────────────────────────────────────

Margalie Rodriguez,

            *Plaintiff-Appellant*,

            v.                                          No. 19-3518

County of Nassau, Nassau County
Commission on Human Rights,

            *Defendants-Appellees*.

─────────────────────────────────────

For Plaintiff-Appellant:            JOHN C. LUKE, JR., Slater Slater Schulman LLP, Melville, NY.


For Defendants-Appellees:           JACKIE L. GROSS, Deputy County Attorney, *for* Jared Kasschau, Nassau County Attorney, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Margalie Rodriguez appeals from a judgment entered on September 25, 2019 by the district court, granting summary judgment to Nassau County and the Nassau County Commission on Human Rights (collectively, "the County"), and dismissing Rodriguez's claims of employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 183 (2d Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Aulicino v. New York City Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009) (quotation marks omitted). The non-moving party must still come forward with specific facts showing that there is a genuine issue for trial, doing "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

On appeal, Rodriguez challenges only the district court's dismissal of: (1) her failure to

2

promote claim based on her gender, (2) her hostile work environment claim based on her national origin and gender, and (3) her retaliation claim based on her complaints of discrimination, all under Title VII. We analyze her failure to promote and retaliation claims using the familiar framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-03 (1973). *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). First, a plaintiff must establish a *prima facie* case of discrimination, *Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010), a step that we have previously described as "minimal," *Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 75 (2d Cir. 2016). If a plaintiff meets this initial burden, "the burden shifts to the defendant to articulate 'some legitimate, non-discriminatory reason' for its action." *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (quoting *McDonnell Douglas,* 411 U.S. at 802). If the defendant does so, the burden shifts back to the plaintiff to demonstrate with admissible evidence that the employer's proffered reason "was not the true reason (or in any event not the sole reason) for the employment decision, which merges with the plaintiff's ultimate burden of showing that the defendant intentionally discriminated against her." *Littlejohn v. New York*, 795 F.3d 297, 307-08 (2d Cir. 2015).

### 1. Failure to Promote

Rodriguez asserts that she was not promoted to Executive Director of the Commission because of her gender, making two arguments to support her claim. First, she contends that the Chair of the Commission, Zahid Syed, harbored discriminatory views, telling Rodriguez during her interview for the position that, "I want a man for the position . . . ." App'x at 1089, 1132.[1]

---

[1] To select an Executive Director, the Chair of the Board of Commissioners interviews the candidates and then makes a recommendation to the rest of the Board. After that initial process, "[t]he County Executive, upon recommendation of the commission and subject to the confirmation of the [County] Legislature," makes the appointment. Nassau Cty. Admin. Code § 21-9.5.

(Plaintiff also alleges that Syed expressed an intention to hire Pakistani and Indian individuals, but those comments are irrelevant to her gender discrimination claim.)   Second, Rodriguez claimed that the male employee ultimately chosen for the position, Rodney McRae, was less qualified than she was for the position.

We assume *arguendo* that Rodriguez established a *prima facie* case of employment discrimination based on these facts and the County's subsequent decision not to promote her to the Executive Director position.   We further conclude that the County proffered legitimate, nondiscriminatory reasons for its decision to hire McRae instead – namely, McRae's superior qualifications and community involvement.   Upon *de novo* review of the record, however, we find that Rodriguez did not offer sufficient evidence to permit a reasonable factfinder to conclude that her non-promotion was in any way based on her gender.   *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 259 (1981) ("[T]he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria.").

The only evidence Rodriguez presented, besides conclusory allegations that she was more qualified than McRae for the position, is the comment that Syed allegedly made during her interview that he "want[ed] a man for the position."   App'x at 1089.   Although we disagree with the district court's determination that this statement to Rodriguez was inadmissible hearsay, we conclude that her deposition testimony on this issue should not be considered in the summary judgment analysis for a separate reason – that is, it directly contradicts her own testimony at an earlier deposition.   *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 88 (2d Cir. 2019) ("[The plaintiff] cannot rely on her deposition testimony . . . because that testimony is inescapably and unequivocally contradicted by her own sworn and written statements, and [the plaintiff] offers no plausible explanation for the multitude of contradictions.").

4

In her first deposition on June 9, 2017, Rodriguez was asked in relation to her interview with Syed for the position of Executive Director, "Did [Syed] say anything about your gender?" App'x at 139. Rodriguez answered:

> Commissioner Syed doesn't have to say anything else to you about your gender. The fact that in the past he has never acknowledged me and on at least two or three different occasions that I'm aware, that I saw, Dan had stepped up and spoke to him in a loud manner because of the way he was treating me.

App'x at 139. However, during Rodriguez's second deposition on January 18, 2018, she testified for the first time that Syed specifically told her, in the interview, that he "want[ed] a man for the position." App'x at 1089. She then included the same statement in her affidavit dated June 25, 2018.

We note that this is not a case in which counsel failed to "ask questions at the first deposition sufficient to elicit the specific content" at issue. *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). Instead, the question asked at the first deposition – whether Syed said anything about Rodriguez's gender – was a more than "sufficiently precise question[] to elicit the amplification or explanation." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). Rodriguez's answer amounted to a denial that Syed commented on her gender during the interview. We recognize that "[i]f there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because of an earlier account that was ambiguous, confusing, or simply incomplete." *Langman Fabrics, a div. of Blocks Fashion Fabrics, Inc. v. Graff Californiawear, Inc.*, 160 F.3d 106, 112 (2d Cir.), *amended*, 169 F.3d 782 (2d Cir. 1998). With respect to a reason for the discrepancy, Rodriguez has not offered any plausible explanation, only arguing that the district court should not make credibility determinations at the summary judgment stage. Unlike in

5

*Hayes*, in which the plaintiff was incarcerated and unrepresented at the time of his first deposition, Rodriguez (a lawyer herself) was represented by counsel at both depositions. *See Hayes*, 84 F.3d at 620. She did not explain in her appellate brief, affidavit, or elsewhere, why, at her first deposition, she denied that Syed had commented on her gender. *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011) (noting that the plaintiff was "given ample opportunity to explain or reconcile [her] inconsistent and contradictory statements, but no such explanation was provided"); *Jeffreys v. City of New York*, 426 F.3d 549, 555 n.2 (2d Cir. 2005) ("Jeffreys failed to explain away these obvious inconsistencies with any plausible explanation." (quotation marks omitted)).

In short, Rodriguez's testimony contradicted her earlier denial that Syed made a gender-based comment. We have repeatedly ruled that, in such circumstances, a plaintiff who, previously in the litigation, has denied an essential fact cannot resuscitate that fact in defending against summary judgment by giving new testimony that asserts the previously denied fact. *See Bentley*, 935 F.3d at 88; *see also Langman Fabrics*, 160 F.3d at 112; *Rojas*, 660 F.3d at 105 (finding the district court properly rejected the plaintiff's new allegations when the plaintiff (1) referred to an individual as a "co-worker" in her earlier sworn statements and in her complaints, yet described him as a supervisor in her papers opposing summary judgment, and (2) asserted in her opposition papers, contrary to her earlier testimony in a criminal trial, that she did not make any complaint about the individual's sexual harassment); *Jeffreys*, 426 F.3d at 555 (affirming summary judgment against the plaintiff and disallowing the plaintiff's assertions in his memorandum opposing summary judgment when they contradicted his three prior confessions as well as his statements at his guilty plea and sentencing); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 470 (S.D.N.Y. 1998) (Sotomayor, *J.*) (granting summary judgment against plaintiff after

6

concluding that "[f]rom the complaint, to plaintiff's deposition, to his opposition papers to defendants' summary judgment motion, plaintiff's allegations of the events at issue are replete with inconsistent and contradictory statements"). The unexplained contradiction between Rodriguez's first deposition and her subsequent deposition testimony and affidavit "transcend credibility concerns and go to the heart of whether the party has raised *genuine* issues of material fact to be decided by a jury." *Rojas*, 660 F.3d at 106.

Beyond the statement Rodriguez attributed to Syed in her second deposition and affidavit, she submitted no evidence to the district court from which a rational jury could find that gender-based discrimination played a role in the County's promotion of McRae instead of Rodriguez. Her assertion that she was better qualified than McRae was conclusory and was not substantiated by the evidence. In any event, even if she was better qualified than McRae, that alone would not show, as she must, that the reason for preferring McRae was gender discrimination. Accordingly, because Rodriguez failed to raise a genuine dispute of material fact with respect to whether the County's decision not to promote her was based on gender discrimination, we affirm the district court's grant of summary judgment on Rodriguez's failure to promote claim.

### 2. Hostile Work Environment

To prevail on a hostile work environment claim, a plaintiff must prove: "(1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (quotation marks omitted). "[A] plaintiff need not show that her hostile working environment was both severe *and* pervasive; only that it was sufficiently severe *or* sufficiently pervasive, or a sufficient combination of these elements, to have altered her working conditions." *Redd v. New*

7

*York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (quoting *Pucino v. Verizon Commc'ns, Inc.*, 618 F.3d 112, 119 (2d Cir. 2010)). "[T]he conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 113 (2d Cir. 2015) (quoting *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (alteration in original)). We consider the following factors to determine whether an environment is hostile or abusive: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

In support of her hostile work environment claim, apart from her testimony about Syed's comment (which we disallow because of her prior denial), Rodriguez points to alleged comments by various County employees regarding her Haitian national origin, and asserts – primarily based on conversations that she had with co-workers – that McRae told employees not to work with her and pressured employees to file false reports of misconduct against her in order to get her fired.

When viewing the evidence presented as a whole and in the light most favorable to Rodriguez, we find that the alleged incidents were not sufficiently severe or pervasive to establish a hostile work environment based on gender or national origin. With respect to the handful of comments made over a decade, they are too few and too isolated to materially alter her working conditions. With respect to McRae having instructed others not to work with her and to file false reports about her, her only evidence about such instructions was inadmissible hearsay. Her evidence, furthermore, did not show that any false memoranda were actually filed against her and, in any event, she stated in her affidavit that "[t]here are no write ups in my file regarding me not doing my assigned tasks." App'x at 1134.

8

Finally, the only admissible evidence Rodriguez provided indicating her colleagues refused to work with her was an affidavit from another employee claiming that McRae instructed the employee "to no longer work with Ms. Rodriguez anymore because she has a lawsuit against the County." App'x at 1139. But this evidence failed to show that such actions were taken *because of* Rodriguez's gender and/or national origin. *See Alfano*, 294 F.3d at 374 (stating that "it is 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex" (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001))). In her brief on appeal, she merely states that the "false reports of misconduct perpetrated by Mr. McRae [are] an attempt to *discredit her*," rather than on the basis of her gender or national origin. Appellant Br. at 29-30 (emphasis added).

Accordingly, we agree with the district court that Rodriguez has not produced sufficient competent evidence to create a material issue of fact as to the existence of a hostile work environment attributable to discrimination based on gender national origin.

### 3. Retaliation

Finally, with respect to Rodriguez's claim of retaliation against her for her filing of a complaint with the New York State Division of Human Rights and other complaints she made during her time at the Commission, we agree with the district court that she has failed to adduce sufficient evidence of an adverse employment action to survive summary judgment. The Supreme Court has defined an "adverse employment action" in the Title VII retaliation context to mean an action that is "materially adverse" and that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation marks omitted). Here, Rodriguez makes only vague and conclusory allegations regarding negative impacts on training and supervisory

9

responsibilities, as well as alleged exclusion from meetings. Her generalized statements about adverse actions were insufficient to create an issue of fact that precluded summary judgment on the retaliation claim. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (stating that "a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment"). And at any rate, the record indicates that the only supervisory responsibility that Rodriguez claims to have lost was that of monitoring staff attendance, App'x at 196, and that she was never prevented from ultimately attending any training she requested to attend, App'x at 970, 1015. Accordingly, the district court correctly granted summary judgment for the County on the retaliation claim.

\*   \*   \*

We have considered all of Rodriguez's remaining arguments and find them to be without merit. For the foregoing reasons, we accordingly **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

10